[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 288.]

WILLIAMS, EXR., APPELLANT, *v.* O'BRIEN ET AL., APPELLEES.

[Cite as *Williams v. O'Brien*, 1995-Ohio-276.]

*Evidence—Treatise may be used for impeachment purposes to demonstrate that expert witness is either unaware of the text or unfamiliar with its contents—Substance of treatise employed only to impeach credibility of expert witness who has relied upon treatise.*

(No. 93-111—Submitted April 25, 1995—Decided June 7, 1995.)

APPEAL from the Court of Appeals for Montgomery County, No. 12344.

———————————

*John H. Metz*, for appellant.

*Jenks, Surdyk & Cowdrey Co., L.P.A.*, and *Robert F. Cowdrey*, for appellees Paul E. O'Brien and Paul E. O'Brien, M.D., Inc.

*Bieser, Greer & Landis*, *Howard P. Krisher* and *Konrad Kircher*, for appellee Kettering Medical Center, d.b.a. Sycamore Hospital.

———————————

{¶ 1} The judgment of the court of appeals is affirmed on the authority of *Stinson v. England* (1994), 69 Ohio St.3d 451, 633 N.E.2d 532.

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and COOK, JJ., concur.

PFEIFER, J., dissents.

———————————

**PFEIFER, J., dissenting.**

{¶ 2} We should add the learned treatise exception to the hearsay rule in Ohio Evid.R. 803, so that it mirrors its federal counterpart, Fed.Evid.R. 803(18). I, accordingly, dissent.

———————————